RANSOM & RANDOLPH CO v ESHELMAN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1444. Decided June 14, 1937

Benjamin Horn, Dayton, and Webb R. Clark, Dayton, for plaintiff-appellee.

A. K. Meck, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, J.

The plaintiff instituted its action against defendant in replevin in the Municipal Court of Dayton, Ohio. It claimed to be the owner and entitled to the immediate possession of ten designated articles commonly used by members of the dental profession. Pursuant to a writ of replevin the deputy bailiff of the court took into his possession ten articles purported to be those described in the affidavit of plaintiff.

Defendant in his statement of defense asserted three specific defenses and a general denial. The cause came on for trial to Judge Nicholas, who took the testimony of several witnesses on behalf of plaintiff, defendant offering no evidence whatever. The municipal judge made separate findings of law and fact and entered judgment that plaintiff recover all of the property described in the writ of replevin. Error was prosecuted to the Common Pleas Court, where Judge Snediker reviewed the judgment, affirmed it and supported his position with a written opinion, which is before us. An appeal on questions of law is prosecuted from the judgment of the Common Pleas Court.

The plaintiff is a dental supply house, the defendant a dentist. The defendant gave plaintiff a chattel mortgage on articles described in said mortgage and conforming in description to those set forth in the affidavit for replevin. The mortgage secured certain notes, as to the payment of several of which the defendant was in default at the time of the institution of the action. It has been the claim of the defendant from the beginning of the action that the affidavit did not describe the articles sought to be taken with such particularity as that they could be identified by the officer; that the action in replevin did not lie because of §8566 GC; that the notes secured by the mortgage were not given as the purchase price for the property described in the mortgage.

The Municipal Judge, in a decision handed down at the same time that he made specific findings of law, held that replevin was the proper action for the plaintiff and not foreclosure; that the affidavit and statement of claim of plaintiff were sufficient in law to entitle it to the relief prayed; that the equipment replevined was the same equipment described in the mortgage. And it is further claimed by counsel for the plaintiff that the record supports the finding that the mortgage upon which the action was predicated was given to secure the purchase price of equipment sold to the defendant.

The assignments of error are numerous but they are of the same general character as represented by the defense of the defendant in the Municipal Court. We find no prejudicial error in the affirmance of the judgment of the Municipal Court.

There are four particular articles set forth in the mortgage, namely: One American Mah. Sectional Bench with complete units, a Ritter Chair, a Cameron Diagnostic Outfit and a Ritter Lathe, as to all of which it was claimed the identification was incomplete. It is true that the description of these articles is general in terms, but the record discloses that such articles as were set forth in the mortgage were in the possession of the defendant. He was served with summons and his attention was directed to the property which the plaintiff claimed it was entitled to replevin. With that knowledge, when the bailiff came to his office to take the property, the defendant by conduct and statement admitted that the property to be seized was in storage in a room adjacent to his office.

Sec 8566 GC provides:

"No chattel mortgage on * * * mechanic's tools of a person * * * except chattel mortgages given to secure the whole or some part of the purchase price thereof, snall be foreclosed, except in a court of record.

"Such * * * mechanic's tools covered by a chattel mortgage shall not be seized or taken out of the possession of the mortgagor before foreclosure; * * *."

Defendant claims that the property seized was necessary mechanic's tools in his profession as a dentist.

During the examination of Val Kanouse, bailiff of the Municipal Court, who executed the writ of replevin, he was being interrogated respecting the taking of the dental equipment described in the mortgage and the place from which he took it. The following as found at page 13 of the record:

"Q. I will ask you if you remember where you went to get this property and where the property was located?

"BY MR. MECK: I object, it is immaterial. If the chattel mortgage isn't specific or the lien isn't sufficient, it will follow. If it is sufficient it speaks for itself.

"BY MR. HORN: We are not trying to bolster up our mortgage. They have raised the contention in their answer which is a matter of record that certain items are tools of trade. §8566 GC says 'necessary tools of trade.'

"BY MR. MECK: If we go into that question of 'necessary' I am not prepared to meet any question as to whether he was using them right along or wasn't. It is not an issue in the case.

"BY MR. HORN: We will bring out the fact that he had other equipment.

"BY MR. MECK: I will admit that it was in his storage room.

"BY MR. HORN: Our contention is that this man had a complete dental equipment in his office that he was using at the time, besides the equipment which we replevined, and our equipment was in the storage room at the time it was replevined and was not being used.

"BY MR. MECK: We will admit that."

This admission, unexplained and unmodified by the defendant, is all sufficient to justify the trial court in concluding that the equipment seized was not mechanic's tools necessary to the use of the defendant in his occupation as a dentist. The court had the right to indulge a presumption upon the record as it comes to us that equipment which had been placed in storage was not essential to the regular conduct of the business of a dentist.

We find no offense to the spirit of the statute in the construction given to it under the facts in this case.

The provisions of the section are avoided if the mortgage was given to secure the whole or some part of the purchase price of the mechanic's tools.

The record discloses that on December 17, 1928 the defendant gave a mortgage to The Dayton Dental Supply Company securing the purchase price of the identical property mentioned in the mortgage upon which the action in replevin was predicated. Thereafter, this indebtedness was renewed and mortgage given to The Dayton Dental Supply Company and the mortgage upon which this action is predicated and the notes which the mortgage in the instant case was given to secure represent a portion of the original purchase price. The plaintiff company purchased the assets of The Dayton Dental Supply Company, among which was included a mortgage to said company on the property described in defendant's mortgage and securing the purchase price of said property.

In this situation we are satisfied that the reviewing court correctly determined that the mortgage of plaintiff company was given to secure the whole or some part of the purchase price of the property described therein. The mortgage of the company therefore came within the exception to §8566 GC and permitted the action in replevin by plaintiff instead of foreclosure. 11 C.J. Par. 419 and cases cited.

Upon a fair consideration of the whole record the reviewing court properly affirmed the judgment of the Municipal Court. The only question of consequence in the case was the action of the Municipal Court in overruling the motion of defendant to make the affidavit in replevin certain and definite. However, in view of the subsequent developments, wherein the defendant conceded the identity of the property seized, no prejudice could be found to have resulted to him by the action upon the motion.

No prejudicial error appearing in the record, the judgment of the Common Pleas Court will be affirmed.

BARNES, PJ, and GEIGER, J, concur.

## ON APPLICATION FOR REHEARING

### Decided July 2, 1937

By THE COURT

Submitted on application for rehearing. Much of the application is directed to that

part of the opinion wherein the court held that it appeared that the mortgage in question was a purchase money mortgage. Counsel for appellant is correct in its insistence that this court had no right to consider the testimony first adduced in the Common Pleas Court. We know of no procedural authority which would permit the first reviewing court to take the additional testimony nor that would enable us to consider it on review. However, an examination of our decision will disclose that independent of the consideration of this testimony, we held that the trial court was correct in sustaining plaintiff's action in replevin.

We have set out the reasons for our conclusion in our original opinion, and are satisfied that they are supported on the proper record. The application for rehearing will be denied.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.