PUBLIC FINANCE CORP., APPELLEE, *v.* HERBST, APPELLANT.

(No. 8782—Decided June 17, 1960.)

Mr. *Leslie D. Stickler,* for appellee.
Mr. *Alfred Pfau,* for appellant.

LONG, J.  This is an appeal from a judgment of the Municipal Court of Cincinnati, Ohio, wherein that court awarded possession in replevin to plaintiff, appellee herein, of certain household goods as security for a loan of $950.  The defendant, appellant herein, gave a mortgage on certain "necessary household goods."  Such mortgage being in default and a balance of $642.42 being due and unpaid, the finance company filed its petition for possession of such goods.  The finance company posted the necessary bond, and the bailiff of the Municipal Court delivered possession of the goods to the finance company.

In its finding of facts the trial court found that the chattel mortgage was not given to secure the purchase price of the goods, nor was it given in connection with the sale of furniture. The court found, as a matter of law, that Section 1319.08 of the Revised Code does not prevent an action in replevin for the purpose of taking possession of property by the mortgagee.

Section 1319.08, Revised Code, titled, "Goods and tools under chattel mortgage cannot be taken before foreclosure," provides as follows:

"No chattel mortgage on the necessary household goods, wearing apparel, or mechanic's tools of a person or family, except chattel mortgages given to secure the whole or some part of the purchase price thereof, shall be foreclosed, except in a court of record.

"Such household goods, wearing apparel, or mechanic's

tools covered by a chattel mortgage shall not be seized or taken out of the possession of the mortgagor before foreclosure; any stipulation in such mortgage to the contrary notwithstanding.

"This section does not apply to the sale of furniture or other household goods by regular dealers.

"If the mortgagee fails to recover the full amount on his petition, the court shall adjudge the costs against him."

We have examined the record and have observed the trial court's finding that the mortgage "covers necessary household goods being used at the time in the home of defendant, Helen L. Herbst and her two minor children."

First of all, the statute, in such a case as we have here, prohibits the foreclosure of a mortgage on household goods except in a court of record. The exception as to chattel mortgages given for "the purchase or balance of the purchase price," admittedly does not apply here. There is no doubt that in a proper case the Municipal Court would have the right to foreclose a purchase money mortgage, but not under the facts of the case at bar.

The second paragraph of the section provides that necessary household goods of the kind we find, in the case at bar, *"shall not be seized or taken out of the possession of the mortgagor before foreclosure*; any stipulation in such mortgage to the contrary notwithstanding."

In our opinion this language is specific and means that an action in replevin may not be substituted for one in foreclosure, for the purpose of taking the property "out of the possession of the mortgagor."

We have been cited to several authorities, which we feel have no application to the case at bar. For example, the case of *Ransom & Randolph Co.* v. *Eshelman*, 25 Ohio Law Abs., 174, is one where a replevin of certain dental equipment was sustained, but in that case the mortgage secured a note which was given for the balance of the purchase price of said equipment. The first paragraph of Section 1319.08, Revised Code, specifically excepts from its provisions mortgages "given to secure the whole or some part of the purchase price."

In the case of *Economy Building & Loan Co.* v. *Newman*, 18 C. D., 103, 7 C. C. (N. S.), 213, Section 4155-1, Revised Stat-

utes, which is substantially the same as Section 1319.08, Revised Code, for the purposes of this case, holds in paragraph 1 of the syllabus: "Revised Statutes 4155—1 (Lan. 6852), which prescribes the formalities for foreclosure of a chattel mortgage on necessary household goods * * * was passed for the protection of the mortgagor * * *." In that case, the court sustained a judgment for damages against the building and loan company for taking the mortgagor's household effects and failing to employ the statutory procedure, to wit, "foreclosure," in order to recover the balance due on its mortgage. Our statute, Section 1319.08, Revised Code, is remedial in nature and specifies the form in which a mortgagee may seek redress of his rights under his chattel mortgage; that procedure must be followed.

For the above reasons and because the finding of facts is so indefinite that judgment cannot be rendered thereon, this case is remanded to the trial court, with instructions to determine which of the goods replevined are "necessary household goods," and for further proceedings according to law.

*Judgment accordingly.*

Matthews, P. J., and O'Connell, J., concur.